IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WENDY L. RAMSAY,

    Plaintiff,

v.

CAROLYN COLVIN
ACTING COMMISSIONER OF SOCIAL
SECURITY

    Defendant.
_____

Case No. 6:13-CV-00481MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff brings this action under 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits and supplemental security income. The Commissioner's decision is affirmed in part and reversed in part. Because it is not clear that the ALJ would have to find plaintiff disabled, this matter is remanded to the ALJ for additional findings.

1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

On February 17, 2009, plaintiff filed an application for disability insurance benefits and supplemental security income. The Commissioner initially denied these claims and plaintiff filed a request for reconsideration. On October 16, 2011, the ALJ conducted a hearing. The ALJ later found the plaintiff was not disabled. Plaintiff appeals to this court, assigning error by the ALJ for the following reasons:

1) Whether the ALJ gave sufficient reasons to reject the complaints of the plaintiff;

2) Whether the ALJ properly determined the plaintiff's impairments, considered their limiting effects and evaluated the medical evidence;

3) Whether the ALJ provided sufficient reasons rejecting the opinion of nurse practitioner Judith Stensland and;

4) Whether the deviation between the Vocational Expert (VE) and the Dictionary of Trades (DOT) was based upon a reasonable explanation.

## STANDARD OF REVIEW

The district court shall affirm the Commissioner's decision if based upon proper legal standards and the legal findings are supported by substantial evidence on the record. *Batson v. Comm'r for Soc. Sec. Admin*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is more than a mere scintilla, i.e., a tiny trace or spark of a specified quality or feeling, but less than a preponderance. *Consolidated Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 217 (1938); *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The reviewing court shall weigh both evidence that supports and detracts from the commissioner's conclusion. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1989). The

2 – OPINION AND ORDER

reviewing court shall not simply substitute its judgment for that of the commissioner. *Batson*, 359 F.3d at 1196. Thus, even if evidence is susceptible to multiple rational interpretations, the Commissioner's conclusion must be upheld. *Id*. at 1193.

## DISCUSSION

### I. The ALJ gave sufficient reasons to reject the complaints of the Plaintiff

The *Cotton* test places a burden on the claimant to show: 1) objective medical evidence of impairment and; 2) that the impairment, or combination of impairments, could reasonably produce some degree of the reported symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Once a claimant meets the *Cotton* test, and there is not affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only by by providing clear and convincing reasons supported by specific evidence in the record .. *Id*. at 1284; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). In evaluating a claimant's credibility, the ALJ may use "ordinary techniques of credibility evaluation." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

The ALJ found the plaintiff's impairments could reasonably cause some of the alleged symptoms. TR 15.[1] However, the ALJ did not find all the limitations as reported by the plaintiff credible. *Id*. Specifically, the ALJ did not credit the plaintiff's claims that she could not work on a regular and continuous basis (TR 15) and that her impairments were severe enough to forbid working as a hospital admittance clerk (TR 51). The ALJ noted several contradictory statements by the plaintiff regarding her impairments and ability to work. First, the ALJ noted the plaintiff stated she had picked up a TV. TR 15, 315. Second, the ALJ noted the plaintiff testified she was able to walk for two miles everyday (TR 50), had the ability to perform normal housecleaning

---

[1] "TR" refers to the Transcript of Social Security Administrative Record [#7] provided by the Commissioner.

3 – OPINION AND ORDER

chores (TR 50) and could sit for an hour at a time (TR 46). TR 16. Third, the ALJ noted the plaintiff, during exams, reported working after March 22, 2008. TR 15, 510. Finally, the ALJ noted the plaintiff told her treating physician and her nurse practitioner that both physical therapy and massage had been helpful and that she did not require as much pain medication. TR 15, 19, 440, 566.

The ALJ also pointed to specific objective medical evidence within the record that contradicted the plaintiff's claims. First, the ALJ pointed to multiple tests and examinations conducted by Dr. Brickner and treating physician Server showing improvements throughout 2008 to 2011. TR 15-17. Further, the ALJ cited record reviews from disability determination services (DDS) physicians opining plaintiff retained theability to work at a sedentary level despite her limitations. TR 16-17, 375, 381. Finally, the ALJ cited various sources that provided medical opinions that pointed to similar conclusions that the plaintiff was responding favorably to conservative treatment and that she could return to work, such as those from Dr. Tiley (TR 559-561) and Physical Therapist Mr. Jones (TR 562). *See* TR 17-19. The ALJ gave clear and convincing reasons for rejecting plaintiff's claims as to the severity of her symptoms.

## II.     The ALJ properly determined the plaintiff's impairments, considered their limiting effects, and evaluated the medical evidence

When making a determination of disability, the ALJ is required to develop the record and interpret the medical evidence. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). This does not require that the ALJ discuss every piece of evidence. *Id.* (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). Plaintiff finds fault in the ALJ not discussing three pieces of information and, thus, ultimately concluding the plaintiff not disabled: 1) the 2008 MRI

(TR 272); 2) the 2009 discography (TR 275) and; 3) a 2009 exam by the nurse practitioner (TR 338). Plaintiff argues that these establish additional impairments not addressed by the ALJ.

The plaintiff's impairment is degenerative disc disease (DDD). DDD is a common condition and naturally occurs throughout life. Peter F. Ullrich, Jr., MD, *What is Degenerative Disk Disease?*, Spine-Health.com, http://www.spine-health.com/conditions/degenerative-disc-disease/what-degenerative-disc-disease. Some people will not feel pain. *Id*. Those who do will be subject to varying degrees of pain, the causes of which are generally cartilaginous end plate erosion or disc space collapse. *Id*. The MRI shows that an end-stage disc collapse could cause plaintiff's pain, and her 2009 discography and exam showed signs of a possible advanced stage disc collapse. Both are not separate ailments or impairments but are causes of pain associated with DDD. As noted, the ALJ must not discuss every piece of evidence. *Howard ex rel. Wolf*, 341 F.3d at 1012. Despite not specifically mentioning them, the ALJ acknowledged the reports in finding the DDD as a severe impairment (TR 13.)

### III. The ALJ gave sufficient reasons to reject the opinion of nurse practitioner Judith Stensland

Nurse practitioners, while not "acceptable medical sources," are "other sources" that may be used in determining a claimant's impairments and their severity. 20 C.F.R. §§ 404.1513(d)(1) and 416.913. The Ninth Circuit has held that nurse practitioners have the deference of acceptable medical opinions when working closely with a physician. *See Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996) (basing their reasoning upon 20 C.F.R. 416.913(a)(6)). However, this holding is questionable because the regulation relied upon has been repealed. *See 20 C.F.R. 416.913*. Thus,

applying the *Gomez* holding is inappropriate.[2] Absent such deference, the ALJ may discount the testimony of "other sources" by providing germane reasons for doing so. *Molina*, 674 F.3d at 1111.

The ALJ provided such reasons. His observations included inconsistencies between the opinions found within a medical questionnaire filled out by Ms. Stensland with: 1) notes in the progress report; 2) the gait, posture and neurological exams; 3) plaintiff's reported pain levels during the examination and; 4) statements made to Ms. Stensland by the plaintiff during examinations. TR 18-19. For example, in the medical questionnaire, Ms. Stensland stated that the plaintiff had chronic lower back pain radiating down her legs, decreased strength and stamina, and an antalgic gait, which would not allow her to maintain gainful employment. TR 500-01. However, in an examination that month, Ms. Stensland recorded that there was no pain radiation (TR 566), gait and posture was normal (TR 567), and that pain was a 1 out of 4 in the lumbar spine (TR 568). Additionally, Ms. Stensland's opinions stemmed largely from plaintiff's self-reporting. As described above, the ALJ gave clear and convincing reasons for finding plaintiff not credible. The ALJ provided germane reasons, supported by the record, for discounting Ms. Stensland's opinion.

## IV. The deviation between the VE and the DOT was not based upon a reasonable explanation

The ALJ can reply upon expert testimony contradicting the DOT "insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). The ALJ must provide a reasonable explanation for a deviation between the VE's testimony and the DOT. SSR No. 00-4p (2000 SSR LEXIS 8, *4-5). An unresolved

---

[2] However, even if *Gomez* remains good law, the record does not support that Ms. Stensland worked closely with Dr. Sarver in treating plaintiff. Only one piece of evidence directly indicates they ever worked together on the plaintiff. TR 466.

6 – OPINION AND ORDER

conflict requires the ALJ to elicit a reasonable explanation for the conflict before relying on the VE's determination to support a decision about whether the claimant is disabled. *Id*. at 5. As the DOT lists only the maximum requirements for a general type of job, one such reasonable explanation for a deviation includes the range of requirements needed for a particular job in a specific circumstance. *Id*. at 6. The district court, in reviewing these cases, cannot make "post hoc rationalizations" and supplement the fact finding duty of the ALJ. *See Bray v. Commissioner*, 554 F.3d 1219, 1225 (9th Cir. 2009).

During the hearing, the ALJ noted the limitations placed upon plaintiff by Dr. Sarver in the latest return-to-work form available. TR 45. Those limitations, subsequently adopted by the ALJ in plaintiff's RFC, include occasionally lifting up to 10 pounds. *Id*; TR 14. The VE stated multiple times that, with these limitations, plaintiff could do the job of hospital admittance clerk as stated in the DOT, but not as stated in plaintiff's past employment history. TR 41, 44, 45, 58. The position in the DOT requires lifting up to and including 10 pounds. In *Johnson*, the court upheld the ALJ's reliance on the VE's testimony contradicting the DOT because the VE testified at length regarding those particular jobs in the Los Angeles market despite the differences in the position as described in the DOT. 60 F.3d at 1435. Here, the ALJ did not elicit any explanation for the conflict between the plaintiff's RFC and the position as described in the DOT.. *See* TR 37-59. As such, to resolve the inconsistency between the VE testimony and DOT, this Court remands the matter to the ALJ for further inquiry. Remand for an award of benefits is not appropriate here as it is not clear that the ALJ would have to find the plaintiff disabled with the adopted RFC.

/ / / /

/ / / /

## CONCLUSION

For the reasons above, the Commissioner's decision is affirmed in part and reversed in part. On remand, the ALJ shall elicit testimony from the VE regarding any deviation from the DOT.

IT IS SO ORDERED.

DATED this 24th day of June, 2014.

                                                      /s/Michael J. McShane
                                                     Michael McShane
                                        United States District Judge